**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
In re:

        KANWALDEEP SINGH KALSI,

                                         Debtor.

**NOT FOR PUBLICATION**

Chapter 11

Case No. 20-10330 (MG)

------------------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO LIFT THE AUTOMATIC STAY**

*A P P E A R A N C E S:*

MACCO LAW GROUP, LLP
*Attorneys for Namrita Purewal*
2950 Express Drive South, Suite 109
Islandia, NY 11749
By:   Cooper J. Macco, Esq.

LAW OFFICES OF ALLA KACHAN, P.C.
*Attorneys for Debtor*
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
By:   Alla Kachan, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

      Namrita Purewal ("Purewal") moves the Court for the entry of an order granting relief from the automatic stay, as necessary, to permit the continuation of a divorce action against Kanwaldeep Singh Kalsi ("Kalsi" or "Debtor"). ("Motion," ECF Doc. # 9-1.) Purewal believes that adjudication of the Divorce Action (as defined below) is necessary to determine (a) the extent of the Debtor's interest in substantially all of the Debtor's assets; (b) the value of Purewal's interest in substantially all of the Debtor's assets; (c) a property distribution of marital

1

assets, if any, by the Debtor to Purewal; and (d) domestic support obligations, if any, owed by the Debtor to Purewal. (Motion ¶ 18.)

On March 23, 2020, the Debtor filed a limited objection to the Motion. ("Objection," ECF Doc. # 23.) On March 26, 2020, after the objection deadline had passed, the Debtor filed an amended objection to the Motion. ("Amended Objection," ECF Doc. # 25.) The Debtor argues that the automatic stay should only be partially lifted, so that the state court can make a determination regarding permanent child support and property division. (*Id.* ¶ 16.) However, the Debtor argues that the automatic stay should be maintained to the extent of property distribution and that the Court should retain exclusive jurisdiction over the property of the Debtor once his interest is determined. (*Id.*)

For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**. The relief granted by the Court is limited to the following: (1) granting relief from the automatic stay to determine the interests of the Debtor and Purewal in marital property and the Debtor's permanent domestic support obligations and (2) retaining jurisdiction over distribution of property of the Debtor's estate.

## I. BACKGROUND

In 2017, Kalsi commenced a divorce action in the Supreme Court of New York, County of Suffolk (the "Divorce Action"). (Motion ¶ 6.) On August 5, 2019, the court in the Divorce Action entered a *pendente lite* order ("Pendente Lite Order," ECF Doc. # 9-2) requiring Kalsi to (a) remit payment on account of the mortgage, homeowner's insurance, and electric utilities on real property located at 67 Liberty Street, New York, NY (the "Property") in lieu of spousal maintenance and (b) remit $600 per month to Purewal for child support. (*Id.* ¶ 7.)

On February 3, 2020, Kalsi filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. ("Petition," ECF Doc. # 1.) On March 9, 2020, the Debtor filed an amended

2

petition, amending his answer to question 11, indicating that he now rents his residence. ("Amended Petition," ECF Doc. # 13, at 3.) The Debtor did not list any domestic support obligations on the Petition or Amended Petition. (Petition at 16, 37, 41.) On the filing date, however, the Debtor was obligated to pay Purewal pursuant to the Pendent Lite Order $600.00 for child support and to remit payment for the mortgage, homeowner's insurance, and electric utilities for the Property on a monthly basis.[1]

### A.    The March Hearing

On March 4, 2020, the Court held an initial status conference ("March Hearing"). The Court inquired if there were any non-dischargeable arrears on matrimonial related payments for domestic support obligations or division of property. (March Hr'g at 1:18:57.) The Debtor acknowledged that he owes arrears, including child support, but said he did not know the amount. (*Id.* at 1:19:38–21:18.) However, again, the Debtor's Schedules do not list the Debtor's domestic support obligations. The Court instructed Debtor's counsel to file a status letter explaining the payments Debtor is obligated to make pursuant to orders of the matrimonial court. (*Id.* at 1:21:30.) On March 13, 2020, the Debtor's counsel filed the status letter. ("Status Letter," ECF Doc. # 19.) According to the Status Letter, at a matrimonial hearing held on March 11, 2020, the Debtor was directed to pay monthly child support to Purewal in the amount of $5,000–6,000 and no maintenance. (*Id.*) Debtor is appealing the ruling. (*Id.*)

### B.    Purewal's Motion

On February 26, 2020, Purewal filed the pending Motion seeking entry of an order granting relief from the automatic stay as necessary to permit the continuation of the Divorce Action against the Debtor. As previously stated, Purewal believes that adjudication of the

---

[1] The Debtor did not include this information in his Schedules, as required. The Debtor is hereby Ordered to amend his Schedules within 14 days of the date of this Opinion.

3

Divorce Action is necessary to determine (a) the extent of the Debtor's interest in substantially all of the Debtor's assets; (b) the value of Purewal's interest in substantially all of the Debtor's assets; (c) a property distribution of marital assets, if any, owed from the Debtor to Purewal; and (d) domestic support obligations, if any, owed from the Debtor to Purewal. (*Id.* ¶ 18.)

Purewal argues that cause exists to lift the automatic stay. (*Id.* ¶ 20.) Purewal's Motion did not utilize the *Sonnax* factors for support. However, Purewal asserts generally that the findings of the state court in the Divorce Action regarding domestic support obligations and marital property distribution will ultimately impact the Debtor's ability to fund a plan of reorganization. (*Id.* ¶ 19.)

### C.   Debtor's Objection and Amended Objection

The Debtor's Objection and Amended Objection argue that the automatic stay should only be partially lifted, so the state court can make a determination regarding permanent child support and property division in the Divorce Action. (Amended Objection ¶ 16.) The Debtor submits that the automatic stay should be maintained to the extent of property distribution and the Court should retain exclusive jurisdiction over the property of the Debtor once his interest is determined. (*Id.*) While the Debtor listed the *Sonnax* factors in the Amended Objection, the Debtor did not actually utilize the factors to support his argument. (*Id.* ¶ 10.) Instead, the Debtor focused on the purpose of the automatic stay and the importance of bringing all disputes within the jurisdiction of the bankruptcy court. (*Id.* ¶¶ 6–7.)

## II.   LEGAL STANDARD

### A.   The Scope of the Automatic Stay in Domestic Relations Matters

The commencement of a bankruptcy case imposes an automatic stay on "the commencement or continuation, including the issuance or employment of process, of a judicial,

4

administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case." 11 U.S.C. § 362(a)(1). However, section 362(a)(1) of the Bankruptcy Code "does not stay proceedings brought by the debtor, although it might stay counterclaims or crossclaims against the debtor in such proceedings." 1 COLLIER FAMILY LAW AND THE BANKRUPTCY CODE ¶ 5.03 (2019).

The commencement of a bankruptcy case does not operate as a stay "of the commencement or continuation of a civil action or proceeding . . . for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate . . . ." 11 U.S.C. § 362(b)(2)(A)(iv). Thus, "a divorce proceeding is automatically stayed only to the extent it seeks a property division that affects property of the estate." 1 COLLIER FAMILY LAW AND THE BANKRUPTCY CODE ¶ 5.03 (2019).

### B. Lifting the Automatic Stay

Pursuant to section 362(d) of the Bankruptcy Code, a party in interest can seek relief from the automatic stay. Section 362(d), in relevant part, provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
> (1) for cause including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d).

#### 1. *Relief from the Automatic Stay for Cause*

The Second Circuit has observed that "[n]either the statute nor the legislative history defines the term 'for cause.'" *In re Sonnax Indus., Inc. v. Tri Component Prods. Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280, 1285 (2d Cir. 1990). However, the court in *Sonnax*

5

identified several factors to be considered in deciding whether cause exists to lift the automatic stay to allow litigation to proceed in another forum, as follows:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*Id.* at 1286. Not all of the factors are relevant in every case, and "cause" is a broad and flexible concept that must be determined on a case-by-case basis.

### 2. *Relief from Stay to Pursue Litigation to Divide Marital Property*

Courts have "granted relief from the stay to allow the state court to determine the extent of the interests of the debtor and nondebtor spouses . . . in marital property or to determine the amount of the nondebtor spouse's property settlement claims, so that such claims or interests could then be provided for under the bankruptcy distribution scheme." 1 COLLIER FAMILY LAW AND THE BANKRUPTCY CODE ¶ 5.06 (2019); *see In re White*, 851 F.2d 170, 174 (6th Cir. 1988) (affirming the bankruptcy court's decision to lift the stay to allow divorce proceedings brought by [debtor's] wife to proceed in state court). As noted by one bankruptcy court:

> In New York, matrimonial courts have long been empowered, in connection with divorce actions, to determine the issues of title to property and to make directions pertaining to the possession of property.
>
> …
>
> Federal courts, including bankruptcy courts, ordinarily defer to the state courts in matrimonial matters to promote judicial economy and out of

6

> respect for the state courts' expertise in domestic relations issues. . . . New York's state courts are more familiar with the concepts of marital property and how to apply the statutory and discretionary factors that govern equitable distribution. Bankruptcy courts, on the other hand, rarely interpret or apply the equitable distribution statute.

*In re Cole*, 202 B.R. 356, 362 (Bankr. S.D.N.Y. 1996) (citations omitted).

However, while courts have "allow[ed] the state court to decide the interests and claims of the marital partners . . . , [courts] reserv[e] the right to distribute all property of the bankruptcy estate." 1 COLLIER FAMILY LAW AND THE BANKRUPTCY CODE ¶ 5.06 (2019); see *In re Cole*, 202 B.R. at 362 ("The bankruptcy court can limit stay relief to the liquidation of the amount of the Purewal's unsecured claim, and require her to return to the bankruptcy court to enforce her judgment through the claims allowance process."); *In re Taub*, 413 B.R. 55, 66 (Bankr. E.D.N.Y. 2009) ("[S]tay relief may be granted to permit the matrimonial court to decide the issues before it, including the issue of equitable distribution, but only up to the entry of judgment.").

### III.  DISCUSSION

#### A.  The Automatic Stay Only Partially Applies to the Divorce Action

The Debtor commenced the Divorce Action against Purewal. Section 362(a)(1) "does not stay proceedings brought by the debtor . . . ." 1 COLLIER FAMILY LAW AND THE BANKRUPTCY CODE ¶ 5.03 (2019). The commencement of a bankruptcy case does not operate as a stay "of the . . . continuation of a civil action or proceeding . . . for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate . . . ." 11 U.S.C. § 362(b)(2)(A)(iv). Here, Purewal is not only asking for relief from the automatic stay in order for the Divorce Action to continue, but is also seeking relief from the automatic stay so the state court can divide and distribute marital assets. (Motion ¶ 18.) The Court holds that section 362(a)(1) does not stay continuation of the Divorce

7

Action in state court as to the dissolution of Kalsi's and Purewal's marriage. However, section 362(a)(1) does apply to the division of property in the Divorce Action, so it is necessary for the Court to determine if cause exists to lift the automatic stay.

> **B. Cause Exists to Partially Lift the Automatic Stay for the Determination of Debtor and Purewal's Interest in Estate Property, but the Stay is Maintained as It Relates to Property Distribution**

An analysis of the applicable *Sonnax* factors demonstrates that cause exists to partially lift the automatic stay as to the Divorce Action for the state court to determine the parties' property interests but not to distribute the property.

> 1. *Sonnax* Factor 1: Relief Would Result in a Partial or Complete Resolution of the Issues

The first *Sonnax* factor is whether stay relief would result in a partial or complete resolution of the issues. Purewal and the Debtor agree that lifting the automatic stay for the determination of financial obligations and equitable distribution in the Divorce Action would support the resolution of significant open issues in the Debtor's bankruptcy case. (Motion ¶ 18; Amended Objection ¶ 16.) The Debtor will be unable to pursue a plan of reorganization until the interests of Kalsi and Purewal are determined in the Divorce Action. Accordingly, the Court finds that this factor weighs in favor of limited relief from the automatic stay.

> 2. *Sonnax* Factor 2: Lack of Any Connection or Interference with the Bankruptcy Case

The second *Sonnax* factor is whether there is a lack of any connection with the bankruptcy case, and whether stay relief would interfere with the bankruptcy case. Neither Purewal nor the Debtor argue that there is a lack of any connection between the Divorce Action and Debtor's bankruptcy case. The Debtor is clearly a central party in both this bankruptcy case and the Divorce Action. The determination of the parties' rights in the Divorce Action do not

8

interfere with this bankruptcy case. On the contrary, Debtor's bankruptcy case cannot move forward with a plan of reorganization until the interests of both parties are determined in the Divorce Action. Accordingly, the Court finds that this factor weighs in favor of limited relief from the automatic stay.

        3.    *Sonnax* Factor 4: The State Court is a Specialized Tribunal with the Necessary Expertise to Hear the Divorce Action

The fourth *Sonnax* factor is whether a specialized tribunal with the necessary expertise has been established to hear the cause of action. Here, the state court is presiding over the Divorce Action to determine the parties' matrimonial issues brought before it. *In re Cole*, 202 B.R. at 362 ("In New York, matrimonial courts have long been empowered, in connection with divorce actions, to determine the issues of title to property and to make directions pertaining to the possession of property.") (citations omitted). Accordingly, the Court finds that this factor weighs in favor of limited relief from the automatic stay.

        4.    *Sonnax* Factor 7: Litigation in State Court Would Not Prejudice the Interests of Other Creditors

The seventh *Sonnax* factor is whether litigation in another forum—here, the Supreme Court, Suffolk County—would prejudice the interests of other creditors. Purewal argues that "any findings in State Court would affect the Debtor's ability to fund a plan of reorganization under chapter 11 . . . ." (Motion ¶ 19.) There is an obvious impact on the interests of creditors by any determination made in the Divorce Action regarding property of the estate. Further, the Debtor argues generally that the automatic stay should be kept in place in order to "promote equal creditor treatment . . . ." (Amended Objection ¶ 8.)

In order to protect creditors' interest, courts have limited the scope of stay relief. Thus, while courts have "allow[ed] the state court to decide the interests and claims of the marital

9

partners . . . , [bankruptcy courts] reserv[e] the right to distribute all property of the bankruptcy estate." 1 COLLIER FAMILY LAW AND THE BANKRUPTCY CODE ¶ 5.06 (2019); see *In re Cole*, 202 B.R. at 362 ("The bankruptcy court can limit stay relief to the liquidation of the amount of the Purewal's unsecured claim, and require her to return to the bankruptcy court to enforce her judgment through the claims allowance process."); *In re Taub*, 413 B.R. 55, 66 (Bankr. E.D.N.Y. 2009) ("[S]tay relief may be granted to permit the matrimonial court to decide the issues before it, including the issue of equitable distribution, but only up to the entry of judgment."). Accordingly, the Court finds that this factor weighs in favor of limited relief from the automatic stay.

        5.       *Sonnax* Factor 11: The Parties Want to Continue the Divorce Action

The eleventh *Sonnax* factor is whether the parties are ready to proceed to trial in the other proceeding. Both Purewal and the Debtor have indicated an interest in allowing the Divorce Action to continue. (Motion ¶ 20; Amended Objection ¶ 16.) Accordingly, the Court finds that this factor weighs in favor of limited relief from the automatic stay.

        6.       *Sonnax* Factor 12: Impact of the Stay on the Parties and the Balance of Harms Weights in Favor of Limited Relief

The final *Sonnax* factor is the impact of the automatic stay on the parties and the balance of the harms. Again, both parties agree that the Divorce Action should continue in order to determine the parties' interest in estate property. Further, if the property of the Debtor's chapter 11 bankruptcy estate remains within the jurisdiction of this Court, then any potential harm to the Debtor and creditors is mitigated. Accordingly, the Court finds that this factor weighs in favor of limited relief from the automatic stay.

## IV.    CONCLUSION

For the reasons discussed above, the Motion is **GRANTED IN PART AND DENIED IN PART**.

**THEREFORE, IT IS HEREBY ORDERED as follows:**

**ORDERED**, that relief from the automatic stay is granted pursuant to 11 U.S.C. § 362(d)(1) to allow Purewal and Debtor to continue the Divorce Action pending in the Supreme Court of the State of New York, County of Suffolk, styled *Kanwaldeep Kalsi v. Namrita Purewal*, index number 5035/2017, to conclusion and the entry of judgment, but with enforcement of the judgment with respect to any property distribution from the Debtor's estate to take place in this Court; and it is further

**ORDERED**, that this Court retains jurisdiction to enforce any judgments with respect to property of the estate within the context of this bankruptcy case.

**IT IS SO ORDERED.**

Dated:   March 31, 2020
         New York, New York

                                                    ___*Martin Glenn*___
                                                    MARTIN GLENN
                                                    United States Bankruptcy Judge