Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Fl.
Brooklyn, NY 11235
Tel.: (718) 513-3145
Fax: (347) 351-3156
alla@kachanlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                          Case No.: 20-10330-mg

    Kanwaldeep Singh Kalsi,                              Chapter 11

                          Debtor.
------------------------------------------------------------X

## NOTICE OF MOTION TO CONVERT THE CHAPTER 11 CASE TO ONE UNDER CHAPTER 7

PLEASE TAKE NOTICE that, pursuant to 11 U. S. C. § 1112(a), a hearing to consider the above-captioned Debtor's Motion to Convert a Chapter 11 case to one under Chapter 7 shall be conducted before the Honorable Judge Martin Glenn, United States Bankruptcy Judge, on **November 30, 2020 at 3:00 P.M.**, in the United States Bankruptcy Court – Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 523, or as soon thereafter as counsel can be heard, for the entry of an Order granting a conversion of a case under chapter 11 to a case under chapter 7, pursuant to 11 U. S. C. § 1112(a), together with such other and further relief as to this Court may seem just, proper and equitable.

PLEASE TAKE FURTHER NOTICE that any objection to the within Motion must be in writing and must state with particularity the grounds of the objection. The objection must be filed with the Clerk of the Bankruptcy Court electronically at www.nysb.uscourts.gov, and a copy of

the objection must be served upon the undersigned counsel for the debtor so as to be received no later than seven (7) days before the hearing date.

Dated: Brooklyn, New York
       November 4, 2020

/s/ *Alla Kachan*
Alla Kachan, Esq.
Law Offices of Alla Kachan
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Fl.
Brooklyn, NY 11235
Tel.: (718) 513-3145
Fax: (347) 351-3156
alla@kachanlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                              Case No.: 20-10330-mg

    Kanwaldeep Singh Kalsi,                                        Chapter 11

                        Debtor.
-----------------------------------------------------------X

### AFFIRMATION IN SUPPORT OF MOTION TO CONVERT THE CHAPTER 11 CASE TO ONE UNDER CHAPTER 7

The Debtor, Kanwaldeep Singh Kalsi (hereinafter, the "Debtor"), by counsel, Alla Kachan, Esq. of the Law Offices of Alla Kachan, P.C., requests hereby that the above-captioned chapter 11 case be converted to one under chapter 7, pursuant to 11 U. S. C. § 1112(a), and in support thereof avers as follows:

    1.     On February 3, 2020, (the "Petition Date"), the Debtor filed a voluntary bankruptcy petition with this Court for relief under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code").

    2.     Under Bankruptcy Code §§ 1107 and 1108, the Debtor retains possession of their assets and are authorized, as the Debtor in Possession, to continue to operate and manage its business.

    3.     This Court has jurisdiction over this proceeding under chapter 11 of the Bankruptcy Code, pursuant to 28 U.S.C. §§151, 157 and 1334. Venue in this Court is proper, pursuant to 28 U.S.C.

§§ 1408 and 1409.

4. As of February 18, 2020, the Debtor established a DIP account, as per the requirements of sections 1107 and 1108 of the Bankruptcy Code and has regularly deposited all income generated from the business.

5. From the commencement of the bankruptcy case, the Debtor filed all Monthly Operating Reports pursuant to the rules of the Bankruptcy Court.

6. Under 11 U.S.C. 1112(a) the Debtor may convert a case under chapter 11 to a case under chapter 7 of this title unless (1) the debtor is not a debtor in possession; (2) the case originally was commenced as an involuntary case under this chapter; or (3) the case was converted to a case under this chapter other than on the debtor's request.

7. As it is an absolute right of the Debtor to convert a case under chapter 11 to one under chapter 7, the burden is on the objecting party to demonstrate why a Debtor should not be permitted to convert their case to one under chapter 7.

8. The legislative history for section 1112(a) states that this subsection "gives the debtor the absolute right to convert a voluntarily commenced chapter 11 case in which the debtor remains in possession to a liquidation case." In re Schuler, 119 B.R. 191, 192 (Bankr. W.D. Mo. 1990) (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 405 (1977); S. Rep. No. 989, 95th Cong., 2nd Sess. 117 (1978)). Other courts have also suggested that, provided the exceptions set forth in section 1112(a) do not exist, a debtor has an absolute right to convert its case from Chapter 11 to Chapter 7. See In re Texas Extrusion Corp., 884 F.2d 1142, 1161 (5th Cir. 1988); In re Marrill Alarm Systems, Inc., 100 B.R. 606, 607 (Bankr. S.D. Fla. 1989); In re Dieckhaus Stationers of King of Prussia, Inc., 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987) (Section 1112(a) "gives the debtor an absolute right to convert").

9. As a threshold matter, none of the limitations provided in section 1112(a) on a debtor's

right to convert are present under the facts of the case as (a) the Debtor is debtor in possession, (b) the case was commenced by filing a voluntary petition for relief, and (c) there have been no prior conversions. Furthermore, no extreme or unusual circumstances exist that would warrant denial of this Motion.

10. Further, due to a very high child support award, as well as simultaneous obligations to make the mortgage payments both marital property and a maintenance payment or one of them, that is currently in effect under an interim support order, Mr. Kalsi, the Debtor herein, is simply unable to keep up with any of the currently ordered obligations and consequently is not able to propose a feasible plan of reorganization. Therefore, after the deduction of the child support payments mandated by the interim support order, the Debtor's income is barely sufficient to cover essential expenses such as rent and food. Thus, a successful reorganization of the debt and a confirmation of a feasible plan is unlikely.

11. Moreover, upon information and belief, it is in the best interest of the Debtor's estate to convert the present case to Chapter 7 case.

12. Since this case can likely be more efficiently administered under chapter 7, the Debtor now requests that this Court enter an Order converting this chapter 11 case into one under chapter 7.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order converting the Debtor's chapter 11 case to a case under chapter 7, and for such other relief which the Court deems just and proper.

Dated: Brooklyn, New York
November 4, 2020

/s/Alla Kachan
Alla Kachan, Esq.
Law Offices of Alla Kachan
3099 Coney Island Avenue, 3rd. Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

In re:                                                                    Case No.: 20-10330-mg

      Kanwaldeep Singh Kalsi,                                Chapter 11

                            Debtor.

-----------------------------------------------------------X

## ORDER CONVERTING CASE TO CHAPTER 7

Upon the motion ("Motion") of Kanwaldeep Singh Kalsi by her attorney, Alla Kachan, Esq. of the Law Offices of Alla Kachan, P.C., seeking entry of an Order converting the Debtor's Chapter 11 case to one under Chapter 7, pursuant to section 1112(a) of the Bankruptcy Code; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C.§ 157(b)(2); and it appearing that venue of this proceeding is proper pursuant to 28 U.S.C.§ 1408; and notice of the Motion and the proposed order appearing adequate and appropriate under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth therein establish cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby:

**ORDERED** that that this Chapter 11 case is hereby converted to one under Chapter 7, and to be administered thereunder.

**ORDERED**, that the Debtor shall file (I) a schedule of unpaid debts incurred after the commencement of the Chapter 11 case within 14 days of the date of this order, and (II) a final report within 30 days of the date of this order, pursuant to Fed. R. Bankr. P. 1019(5).