**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500
Salvatore LaMonica, Esq.
Cristina M. Lipan, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                                     Chapter 7

KANWALDEEP SINGH KALSI,                                Case No.: 20-10330 (MG)

               Debtor.
---------------------------------------------------------x

**MOTION OF CHAPTER 7 TRUSTEE SEEKING ENTRY OF AN ORDER: (I) DIRECTING THE TURNOVER OF POSSESSION OF THE REAL PROPERTY LOCATED AT 82 INLET ROAD EAST, SOUTHAMPTON, NY 11968 TO THE TRUSTEE; (II) AUTHORIZING THE TRUSTEE TO MARKET AND SELL THE REAL PROPERTY; (III) APPROVING THE FORM AND METHOD OF SALE; AND (IV) GRANTING FURTHER AND RELATED RELIEF**

**To:**     **The Honorable Martin Glenn**
          **United States Bankruptcy Judge**
          **United States Bankruptcy Court**
          **Southern District of New York**

      Angela G. Tese-Milner, solely in her capacity as the chapter 7 trustee (the "Trustee") of the estate of Kanwaldeep Singh Kalsi (the "Debtor"), by and through her counsel, LaMonica, Herbst & Maniscalco, LLP, submits this motion (the "Motion") seeking the entry of an Order pursuant to 11 U.S.C. §§ 105(a), 363, 541, 542 and 704 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 6004-1 and 6005-1 of the Court's Local Rules (the "Local Rules"): (i) directing the turnover of possession of the real property known as, and located at, 82 Inlet Road East, Southampton, NY 11968, Section 177, Block 1, Lot 4.003 (the "Real Property"), to the Trustee; (ii) authorizing the Trustee to market and sell the Real Property, (iii) approving the form

and method of sale, pursuant to the Terms of Sale (as defined below); and (iv) granting such other and further relief as this Court deems necessary.

## **PRELIMINARY STATEMENT**

1. By this Motion, the Trustee seeks the entry of an order, <u>inter</u> <u>alia</u>, to direct the turnover of possession of the Real Property to the Trustee, and providing the Trustee with authority to change the locks in the event the Real Property is not voluntarily turned over. Further, since the Real Property must be vacant in order to market and sell, the Trustee additionally requests the authority to utilize the U.S. Marshall in the event an individual is occupying the Real Property and refuses to vacate.

2. The Trustee further proposes to sell the Real Property (the "<u>Sale</u>") pursuant to the terms of sale (the "<u>Terms of Sale</u>"), annexed as **Exhibit A**. After entering into a sale agreement with a yet to be determined buyer (the "<u>Buyer</u>"), which will be subject to higher or better offers and the approval of the Court, the Trustee will file another motion specifically to sell the Property to the prospective Buyer. As such, this Motion is solely intended to grant the Trustee with the specific authority to proceed with marketing the Property and approving the Terms of Sale.

3. The Debtor is the fee owner of the Real Property and as a result the Real Property is property of the estate. The Trustee believes there is substantial equity above the known liens, claims and encumbrances, such that the Sale will be beneficial to the Debtor's estate and its creditors.

4. The Trustee has retained MYC & Associates, Inc. (the "<u>Broker</u>") as her real estate broker to market and sell the Real Property.

5. For these and the reasons set forth below, the Trustee respectfully requests that the Court approve the Motion.

## JURISDICTION AND STATUTORY PREDICATES

6. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §1334.

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

8. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

9. The statutory predicates for the relief requested herein, include, <u>inter alia</u>, 11 U.S.C. §§ 105(a), 363, 541, 542 and 704, Bankruptcy Rules 2002 and 6004, and Local Rules 6004-1 and 6005-1.

## BACKGROUND

**A.  Procedural History**

10. On February 3, 2020 (the "<u>Filing Date</u>"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Southern District of New York (the "<u>Court</u>").

11. On March 31, 2020, the Court entered an Order (the "<u>Lift Stay Order</u>") partially lifting the automatic stay to allow a determination in a matrimonial action of the interests of the Debtor and Namrita Purewal, the Debtor's estranged spouse ("<u>Purewal</u>"), in marital property, and retaining jurisdiction over distribution of property of the Debtor's estate. See Dkt. No. 27.

12. On December 4, 2020, the Court entered an order converting this case to a case under Chapter 7 of the Bankruptcy Code.

13. On December 4, 2020, by Notice of Appointment, Angela G. Tese-Milner, Esq. was appointed as the interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, has duly qualified and is the permanent Trustee of the Debtor's estate.

14. On January 7, 2021, an order was entered authorizing the retention of LaMonica Herbst & Maniscalco, LLP as counsel to the Trustee.

15. On February 25, 2021, an order was entered authorizing the retention of the Broker to market and sell the Real Property.

16. On March 15, 2021, an order was entered authorizing the retention of Eisner Amper LLP as accountants to the Trustee.

**B.   The Real Property**

17. By deed dated November 26, 2014, the Debtor acquired fee title to the Real Property. A review of the title report indicates there is no other ownership interest in the Real Property.

18. Upon information and belief, the Real Property is comprised of a 2,100 sq. ft., three-bedroom, three-bath, single-family residence.

19. A mortgage on the Real Property was initially made to lender Caliber Home Loans, Inc. on December 11, 2014, which was later assigned to MTGLQ Investors, L.P. on September 16, 2015, then to J.P. Morgan Mortgage Acquisition Corp. on September 14, 2016, then to J.P. Morgan Mortgage Trust 2016-4 c/o U.S. Bank Trust National Association on April 3, 2020 (the "First Mortgage"). J.P. Morgan Mortgage Trust 2016-4 c/o U.S. Bank Trust National Association filed proof of claim 18, asserting a secured claim against the Real Property in the amount of $680,541.31.

20. A second mortgage was made on the Real Property to Suffolk Federal Credit Union on March 29, 2019 (the "Second Mortgage"). Suffolk Federal Credit Union filed proof of claim 2, asserting a secured claim against the Real Property in the amount of $193,183.56.

21. The Debtor listed his residence on the petition as 30 East 81 Street, 6E, New York, NY 10028, and did not assert a homestead exemption against the Real Property.

22. The Debtor's schedules indicate that the Real Property has a fair market value of

approximately $1,200,000.00. Further, the Broker intends to list the Real Property at $1,5000,000.00. Therefore, the Trustee asserts that the Real Property has substantial equity over and above the amount of the mortgages on the Real Property, and therefore, the Sale of the Real Property is warranted.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

**A.     Possession of the Real Property Should Immediately be Turned Over to the Trustee**

23.     Bankruptcy Code §542(a) provides for the authority of the Bankruptcy Court to order a turnover of property of the estate to the Trustee. 11 U.S.C. §542(a); In re Block 1524 Constr. Corp., 75 B.R. 276, 278 (E.D.N.Y. 1987). It requires an entity in possession of property of the estate that the Trustee may use, sell, or lease under Bankruptcy Code §363 to deliver that property to the Trustee. In re Block 1524, 75 B.R. at 278.

24.     Further, under Bankruptcy Code § 542(a), a person "in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, . . ., shall deliver to the trustee, . . ., such property . . .." 11 U.S.C. § 542(a). Thus, "[t]o the extent that [a party] fails to surrender property, the trustee may move under 11 U.S.C. § 542(a) to compel a turnover of that property to the estate." In re Burgio, 441 B.R. 218, 220 (W.D.N.Y. 2010); see Savage & Assocs., P.C. v. Mandle (In re Teligent, Inc.), 325 B.R. 134, 137 (S.D.N.Y. 2005) ("Under § 542 (a), the trustee may compel the turnover of property of the estate that the trustee can use, sell or lease."); In re Neuman, 75 B.R. 966, 968 (S.D.N.Y. 1987) ("A Chapter 11 trustee may use Code § 542(a) to secure turnover of property of the estate from an entity in possession, custody or control. Entity, a defined term, includes a debtor." (citation omitted)), aff'd, 88 B.R. 31 (S.D.N.Y. 1988).

25.     In addition, section 105(a) of the Bankruptcy Code grants the Court the authority to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions

of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

26. The Real Property was not the main residence of the Debtor or his family, but was used as a summer home. Purewal is in possession of the keys and of the Real Property, and previously granted the Broker access to inspect the interior of the premises. Purewal initially asked the Trustee for the opportunity to remove her personal belongings and the Trustee obliged. However, Purewal has since failed to turn over the keys and possession to the Trustee. In order to properly market the Real Property for sale, the Trustee must have possession and the Real Property must be vacant. As such, the Trustee requests that Purewal is directed to turnover possession and keys for the Real Property to the Trustee, not interfere with the Trustee's possession of the Real Property and leaving all furniture and fixtures intact, other than Purewal's personal belongings. Further, the Real Property must be vacant in order to allow the Trustee and her Broker to secure, maintain and maximize the value of the Real Property during the sale effort.

27. Accordingly, this Court has authority to direct Purewal to turn over possession and keys of the Real Property to the Trustee, and to direct any individual that may be on the Real Property to vacate, within ten (10) business days of entry of the Order granting such relief. In the event the Court grants the instant relief but Purewal fails to turn over possession and keys to the Real Property to the Trustee and her professionals within ten (10) business days of entry of the Order granting such relief, the Trustee further requests the authority to utilize a locksmith to change and/or break the locks at the Real Property in order to obtain possession.

28. The Trustee also requests that she be authorized to utilize the assistance of the U.S. Marshal, as needed, to facilitate the removal of any occupants from the Real Property, including, but not limited to, removing any party that interferes with the Trustee's access to the Real Property.

**B.    The Trustee is Authorized to Market and Sell the Real Property**

29. Pursuant to section 704(a) of the Bankruptcy Code, Chapter 7 trustees are required

to "reduce to money the property of the estate for which such trustee serves." 11 U.S.C. § 704(a)(1). Under Bankruptcy Rule 6004(f)(1), a trustee is permitted to sell property of the estate pursuant to section 363(b) of the Bankruptcy Code by private sale or public auction. FED. R. BANKR. P. 6004(f)(1).

30. There is a pending matrimonial action pending before the Supreme Court of New York, County of Suffolk. Although the Lift Stay Order allowed the matrimonial action to continue with respect to a determination of interests in marital property, this Court retained jurisdiction over distribution of property of the Debtor's estate. See Dkt. No. 27.

31. Section 236 of the Domestic Relations Law provides that "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held" is marital property. N.Y. DOM. REL. L. § 236(B)(1)(c) (2003); Musso v. Ostashko, 468 F.3d 99, 105 (2d Cir. 2006). However, in New York, a "spouse enforcing an equitable distribution award does not seek judicial recognition of an inchoate, prejudgment interest in the property," but rather, the "spouse, like a judgment creditor, seeks to enforce an equitable remedy ordered in the judgment." Musso at 106. Therefore, the Second Circuit has held that "a spouse without legal title has no interest in marital property prior to obtaining a judgment creating such an interest." Id. at 105-106. As such, where a "final judgment of divorce has not been entered at the time of the bankruptcy filing, the non-debtor spouse's rights may be no greater than that of a general unsecured creditor." Id. at 107-08 (citing In re Anjum, 288 B.R. 72, 76 (S.D.N.Y. 2003); In re Cole, 202 B.R. 356, 360 (S.D.N.Y. 1996)).

32. As of the Filing Date, only the Debtor had legal title to the Real Property and no judgment had been entered with respect to marital property. The Real Property is unquestionably

7

property of the Debtor's bankruptcy estate under Bankruptcy Code § 541(a). See 11 U.S.C. § 541(a)(1) (defining property of the estate to include, among other things, "all legal and equitable interests of the debtor in property as of commencement of the case"). Further, the extent of any interest Purewal may have in the Real Property is limited to a general unsecured claim. Although the Trustee believes she has the authority to market and sell the Real Property, as it is clearly property of the estate, out of abundance of caution, the Trustee seeks an Order granting her the authority to do so.

### C. The Form and Method of Sale Should be Approved

33. Section 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004 governs the sale of assets outside of the ordinary course of a debtor's business. Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside of the ordinary course of business may be by private sale or by public sale.

34. In accordance with the Trustee's statutory duty and the circumstances of this case, the proposed sale, pursuant to the Terms of Sale, will ensure that the value of the Real Property is maximized and that the highest or best offer for the Real Property is received, for the benefit of the Debtor's estate and its creditors. The Trustee has determined, in her sound business judgment, that selling the Real Property outside the ordinary course of business is justified, necessary and appropriate. Based on (a) documents reviewed by the Trustee and her professionals related to the Real Property; (b) communications with the Broker; and (c) an independent online search of the valuation of the Real Property, the Trustee believes that the sale of the Real Property will result in purchase prices in excess of the claims secured against the Real Property.

35. The Trustee further submits that the Broker will provide for adequate marketing of

the Real Property. The Broker plans to market the Real Property by: (1) posting the listing on MLS, which populates various websites (for example, trulia.com and realtor.com), on outeast.com, and on the Broker's website, (2) sending an email blast to parties in the Broker's database, (3) marketing on social media, and (4) publishing to various online publications via adwerx.com.

36. For these reasons, the Trustee, in the exercise of her reasonable business judgment, submits that the proposed Sale of the Real Property is in the best interests of the Debtor's estate and recommends its approval. Further, in order to facilitate an orderly sale of the Real Property, the Trustee submits that the Court approve the proposed Terms of Sale, annexed as **Exhibit A**. The Court and all interested parties are respectfully referred to the Terms of Sale for its more precise terms.

37. The Trustee submits that the Sale of the Real Property, pursuant to the Terms of Sale, will be conducted in an arm's length transaction.

## NOTICE AND NO PRIOR REQUEST

38. Notice of the Motion will be provided to: (1) the Office of the United States Trustee; (2) all known holders of claims secured by the Real Property and their counsel, if any; (3) the Debtor and his counsel; (4) the Internal Revenue Service; (5) any other parties who may have an interest in the Real Property, including Namrita Purewal and her counsel; (6) all parties who have requested notice pursuant to Bankruptcy Rule 2002 or any other party required to be served pursuant to an order entered by this Court; (7) all known creditors of the Debtor; and (8) all government agencies required to receive notice of proceedings under the Bankruptcy Rules (the "Notice Parties"). The Trustee submits that such notice is sufficient, that such notice complies with Bankruptcy Rule 2002(c), and that no further notice is required.

39. No previous request for the relief sought herein has been made by the Trustee to

this or any other Court.

40. For all of the foregoing reasons, the Trustee respectfully submits that the relief requested herein is appropriate and in the best interests of all interested parties, the Debtor's estate, and its creditors.

**WHEREFORE**, the Trustee respectfully requests entry of an Order, granting the relief requested in this Motion and for such other relief as this Court deems just and proper.

| | |
|---|---|
| Dated: April 23, 2021<br>Wantagh, New York | **LAMONICA HERBST & MANISCALCO, LLP**<br>*Counsel to the Chapter 7 Trustee* |
| | By: <u>*s/ Salvatore LaMonica*</u><br>Salvatore LaMonica, Esq.<br>Cristina M. Lipan, Esq.<br>3305 Jerusalem Avenue<br>Wantagh, New York 11793<br>(516) 826-6500<br>sl@lhmlawfirm.com<br>cl@lhmlawfirm.com |