Aaron R. Cahn
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Telephone: (212) 238-8629
Facsimile: (212) 732-3232
e-mail: bankruptcy@clm.com

*Attorneys for Namrita Purewal*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re | Chapter 7 |
| KANWALDEEP SINGH KALSI, | Case No. 20-10330 (MG) |
| Debtor. | |

**MOTION TO DISMISS BANKRUPTCY CASE FOR SUBSTANTIAL ABUSE**

Namrita Purewal, the Debtor's spouse and his largest creditor (other than her family's company, Advanced Rx), moves to dismiss the instant bankruptcy case on the ground that this Debtor has substantially abused the bankruptcy process and filed this case in bad faith.

**PRELIMINARY STATEMENT**

The Debtor and his wife, Ms. Purewal, have been engaged in a highly contentious divorce action since 2017. During that time, the Debtor has engaged in a concerted effort to hide his assets from his wife, transfer assets out of the United States, and drain the equity out of marital property. This bankruptcy case, filed in early 2020, was the last step in the process, designed to relieve the Debtor of personal liability while permitting him to retain

1

millions of dollars in property safe from his creditors. Accordingly, the filing is a flagrant abuse of the bankruptcy process and should be dismissed.

## BACKGROUND

1. The Debtor filed this case on February 3, 2020, under Chapter 11 of the Bankruptcy Code. By order signed December 4, 2020, on Debtor's motion, the case was converted to a case under Chapter 7, and Angela Tese-Milner, Esq., was appointed Chapter 7 trustee.

2. The history between the Debtor and his wife is lengthy but may be briefly summarized here. Defendant emigrated from India to the United States in 2011. He promptly met and married Ms. Purewal, and the couple had two children. The parties acquired two parcels of real property, one at 67 Liberty Street in Manhattan and one on Inlet Road in Southampton, Long Island. Ms. Purewal furnished the initial down payments for each of the properties, but title was put in Mr. Kalsi's name.

3. In 2017, the Debtor commenced a divorce action in Supreme Court, Suffolk County. Around that same time, the Debtor began a process of looting the couple's assets.

## THE MISSING FUNDS

4. As more fully set forth in the affidavit of Ms. Purewal, bank records demonstrate that the following accounts were looted during the pendency of the matrimonial action:

Santander Bank – three accounts which held $553,000 in August, 2017 – around the time of the commencement of the divorce action - were reduced to $48,000 in October 2019, when the matrimonial court froze the Debtor's bank accounts. These accounts still held more than $400,000 at the time of the Debtor's execution of his statement of net worth

9842177.1

filed in the matrimonial action in January, 2018, and had been only slightly decreased by the time Debtor filed his June, 2018 net worth statement. Yet, by the time of Debtor's October 2019 net worth statement, these accounts held less than $50,000.

Chase – on August 26, 2017, the Debtor withdrew $81,000 from a checking account. He traveled to India only a few days after that.

The Southampton HELOC – in February 2019, one year before the Petition Date, the Debtor borrowed $200,000 in a home equity line of credit, secured by the Southampton real property. Approximately $180,000 of those proceeds were purportedly used to pay credit card debt as shown on the closing statement attached as Exhibit __.

Wire transfers to India – on February 28, 2018 Debtor initiated a wire transfer to an Indian company called BC Technologies in the amount of $6,335.85. The transfer was described as "pymt." On March 13, 2018, Debtor initiated a wire transfer to the same company in the amount of $6,299.78. This time, however, the transfer was described as "Gift OR Donation." In addition, the Debtor admitted in the course of his matrimonial action that he owned patents and copyrights, none of which are listed in his bankruptcy filings.

## THE DEBTOR'S INCOME AND AVAILABLE CREDITS

6. Debtor's income – as noted in the Debtor's means test form dated November 25, 2020, and submitted by his counsel as an exhibit on his reply to Ms. Purewal's opposition to his motion to convert the case (Doc. No. 55), Debtor has been earning at least $300,000 per year for at least the last two calendar years.

Other assets – the Debtor's schedules, as amended, list unsecured loans from Dinesh Khanna of $51,000, and New Chapter Capital in the amount of $75,000.

9842177.1

Credit card debt - the Debtor's schedule F lists 15 credit card accounts holding more than $180,000 in obligations. With the exception of one account that was opened in 2010, all of these accounts were opened within a few years of the bankruptcy filing, starting in 2015. Inasmuch as the Home Equity Line secured by the Southampton property was utilized to pay $180,000 of credit card debt that existed one year prior to the Petition Date, it seems clear that either a substantial portion of the credit card debt listed in the Debtor's bankruptcy filing was incurred within a year of the filing, or else that debt was never paid by him and the proceeds of the HELOC are unaccounted for. .

**FAILURE TO PAY MARITAL EXPENSES WHILE INDULGING HIMSELF**

7. It appears that very little, if any, of the cash described above was used to pay the Debtor's expenses. His high credit card balances make clear that very little of that debt was being paid down, and the court decision awarding Ms. Purewal temporary maintenance and support (also attached to Doc. No. 55 by his counsel) relates that the Debtor had not been paying expenses on the properties he owned.

8. On March 12, 2021, Avail Holding LLC, a party alleged to be entitled to enforce the note secured by a mortgage on the property at 67 Liberty Street, filed a motion for relief from stay (Doc. No. 83). The motion asserts that the Debtor had made no payments on the mortgage since August 1, 2019.

9. The Debtor's disclosures show that while the Debtor was neglecting his family obligations, he did not stint himself. He currently resides in a Manhattan apartment on the upper East Side paying rent of $5,500 per month, and the bank statements provided in his operating reports show thousand of dollars spent on living a very pleasant lifestyle.

**UNDISCLOSED FOREIGN ASSETS**

10. In addition to the payments made to BC Technologies, noted above, Debtor is the named principal on the registration for Brain Gain Entertainment, another Indian company, as shown in Exhibit "D." His interest in this entity was not listed anywhere in his schedules or statement of financial affairs. Ms. Purewal's affidavit also notes the Debtor's assertions that he owns patents and copyrights, none of which were listed on his schedules.

## FALSE SCHEDULE ENTRIES

11. Ms. Purewal's affidavit also notes certain expenses that the Debtor claimed but which are open to serious question. He claimed expenses for a nanny when Ms. Purewal has custody of the children, and also alleged school expense when, as Ms. Purewal testified, the children attend public school.

## SUMMARY

12. It is clear from the preceding discussion that this Debtor realized almost $1,000,000 from bank accounts and unsecured loans, and by draining almost all of the equity out of the Southampton property, on top of his $300,000 annual salary and almost $200,000 in credit card debt. In addition, he has undisclosed interests in business entities in his native India. Yet, at the same time, he neglected to pay court-ordered domestic support obligations and the mortgage loans on his family's properties while living a pleasant individual lifestyle in a rented apartment.

Dated: April 30, 2021
      New York, New York

    CARTER LEDYARD & MILBURN LLP

        ___s/Aaron R. Cahn____
        Aaron R. Cahn
        Carter Ledyard & Milburn, LLP

5
9842177.1

*Attorneys for Namrita Purewal*
2 Wall Street
New York, NY 10005
Telephone: (212) 732-3200
Fax: (212) 732-3232
Bankruptcy@clm.com

9842177.1