**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500
Salvatore LaMonica, Esq.
Cristina M. Lipan, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                    Chapter 7

KANWALDEEP SINGH KALSI,                                   Case No.: 20-10330 (MG)

         Debtor.
---------------------------------------------------------x

**TRUSTEE'S RESPONSE TO NAMRITA PUREWAL'S OBJECTION TO THE TRUSTEE'S MOTION SEEKING THE ENTRY OF AN ORDER: (I) DIRECTING THE TURNOVER OF POSSESSION OF THE REAL PROPERTY LOCATED AT 82 INLET ROAD EAST, SOUTHAMPTON, NY 11968 TO THE TRUSTEE; (II) AUTHORIZING THE TRUSTEE TO MARKET AND SELL THE REAL PROPERTY; (III) APPROVING THE FORM AND METHOD OF SALE; AND (IV) GRANTING FURTHER AND RELATED RELIEF**

Angela G. Tese-Milner, solely in her capacity as the chapter 7 trustee (the "Trustee") of the estate of Kanwaldeep Singh Kalsi (the "Debtor"), by and through her counsel, LaMonica, Herbst & Maniscalco, LLP, respectfully submits this reply to Namrita Purewal's ("Purewal") Objection (the "Objection") to the Trustee's motion (the "Motion") seeking the entry of an Order, pursuant to 11 U.S.C. §§ 105(a), 363, 541, 542 and 704 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 6004-1 and 6005-1 of the Court's Local Rules (the "Local Rules"): (i) directing the turnover of possession of the real property known as, and located at, 82 Inlet Road East, Southampton, NY 11968, Section 177, Block 1, Lot 4.003 (the "Real Property"), to the Trustee; (ii) authorizing the Trustee to market and sell the Real Property, (iii) approving the form and method of sale, pursuant to the Terms of Sale (as defined below); and (iv) granting such other and further relief as this Court deems necessary.

**Issue of Equity in the Real Property**

1.  In her Objection, Purewal first asserts that the relief sought in the Motion should be denied because the Trustee has not established that there is equity in the Real Property. This Objection is premature. The Trustee is not seeking the Court's authority to sell the Real Property at this juncture, but is only requesting the entry an order (1) to direct Purewal to turnover possession of the Real Property, which is clearly property of the estate, and (2) to authorize the Trustee to proceed with the marketing of the Real Property for sale.

2.  Pursuant to section 704(a) of the Bankruptcy Code, Chapter 7 trustees are *required* to "reduce to money the property of the estate for which such trustee serves." 11 U.S.C. § 704(a)(1). Under Bankruptcy Rule 6004(f)(1), a trustee is permitted to sell property of the estate pursuant to section 363(b) of the Bankruptcy Code by private sale or public auction. FED. R. BANKR. P. 6004(f)(1). The Debtor is the legal owner of the Real Property as of the Filing Date (as defined in the Motion), and therefore, the Real Property is clearly property of the estate. Normally, the Trustee would not need an order of the court to take possession of property of the estate and market it for sale; however, the circumstances of this case warrant such a request because Purewal has not turned over possession to the Trustee and only uses the Real Property on a part time basis.

3.  The Trustee, in her business judgment, has determined that there is significant equity in the Real Property and that a sale would provide a substantial return to the estate for distribution to creditors. The Trustee has based this determination upon discussions with her retained broker, MYC & Associates, Inc. (the "Broker"), along with a review of documents related to the Real Property. The Broker believes the Real Property is valued at $1,500,000.00. See Affidavit of Marc P. Yaverbaum, annexed as **Exhibit A**. Based on this estimate, the Trustee in her business judgment, has determined that proceeding with marketing of the Real Property for

sale would be beneficial. Further, the only way to truly determine the value of real property is to market it for sale, which is what the Trustee intends to do. As stated in the Motion, once the Trustee finds an appropriate buyer, she will then request approval of the sale from this Court. Only then would it be appropriate to address the equity that would be returned to the Debtor's estate.

4. Regardless, the Trustee is the sole representative of the bankruptcy estate and acts in furtherance of her duties under Title 11 of the United States Code (the "Bankruptcy Code") in accordance with her business judgment. Purewal is essentially attempting to substitute her judgment for that of the Trustee, which is inappropriate. The Trustee, in her business judgment together with her retained professionals, has determined that proceeding to market the Real Property for sale in in the best interests of the estate and its creditors.

**Purewal's Motion to Dismiss**

5. Purewal has also objected to the relief sought in the Motion on the basis that she asserts that the bankruptcy case should be dismissed. A separate motion to dismiss (the "Motion to Dismiss") the case was filed concurrently with the Objection. See Dkt. No. 97.

6. Purewal filed claim 8 against the Debtor, which asserts a nondischargeable claim pursuant to §523(a)(5) of the Bankruptcy Code. There is also a pending matrimonial action before the Supreme Court of New York, County of Suffolk between the Debtor and Purewal (the "Matrimonial Case"). Purewal recently requested entry of a final distribution order in the Matrimonial Case.

7. It is clear that the purpose of seeking a dismissal of this bankruptcy case is solely to prevent the Trustee from liquidating assets for the benefit of the estate, so that Purewal may keep the Real Property through a judgment in the Matrimonial Case, to the detriment of the Debtor's other creditors.

8. One of the overarching goals of the bankruptcy process is to maximize the value of the debtor's estate in order to maximize the return to all creditors. See Bank of Am. Nat'l Trust & Savings Ass'n v. 203 LaSalle St. P'ship, 526 U.S. 434, 453 (1999) (observing recognized policy underlying the bankruptcy process of "maximizing property available to satisfy creditors" (citation omitted)). The Debtor has listed creditors to whom he owes money and those creditors are entitled to receive payment on account of their claims. The decision of whether to grant a motion seeking dismissal of a chapter 7 petition is one that is "committed to the sound discretion of the bankruptcy court." In re Smith, 507 F.3d 64, 73 (2d Cir. 2007). This Court must consider whether dismissal is in the best interest of all parties in interest. See Id. at 72-73; In re Bruckman, 413 B.R. 46, 50 (E.D.N.Y. 2009).

9. There is no doubt that dismissal of this bankruptcy case, fifteen (15) months after it was filed, would benefit only one creditor, Purewal, to the detriment of all other creditors. Therefore, dismissal is not in the best interests of the Debtor's estate and its creditors. Indeed, Purewal's Motion to Dismiss is nothing more than a blatant attempt to avoid the consequences of the Second Circuit's decision in Musso v. Ostashko, so that she may take the Real Property through the Matrimonial Case to the exclusion of all other creditors. See Musso v. Ostashko, 468 F.3d 99 (2d Cir. 2006).

10. In any case, the Court may still grant the relief requested in the Trustee's Motion, even if the Motion to Dismiss is pending. The Trustee is not requesting approval of a sale yet, so Purewal's interests in the Real Property would not be affected in the event the case is dismissed.

**WHEREFORE,** the Trustee respectfully requests that this Court grant the relief requested in the Motion and grant such other relief as is just and proper.

Dated: May 3, 2021  
       Wantagh, New York

**LAMONICA HERBST & MANISCALCO, LLP**  
*Counsel to the Chapter 7 Trustee*

By: *s/ Salvatore LaMonica*  
Salvatore LaMonica, Esq.  
Cristina M. Lipan, Esq.  
3305 Jerusalem Avenue  
Wantagh, New York 11793  
(516) 826-6500  
sl@lhmlawfirm.com  
cl@lhmlawfirm.com