**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Salvatore LaMonica, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                            Chapter 7

KANWALDEEP SINGH KALSI,                           Case No.: 20-10330 (MG)

       Debtor.
----------------------------------------------------------x

**CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION FOR AN ORDER UNDER BANKRUPTCY CODE §362(d)(1) MODIFYING THE AUTOMATIC STAY**

TO:    HONORABLE MARTIN GLENN
         UNITED STATES BANKRUPTCY JUDGE

Angela G. Tese-Milner, solely in her capacity as the chapter 7 trustee (the "Trustee") of the estate of Kanwaldeep Singh Kalsi (the "Debtor"), by and through her counsel, LaMonica, Herbst & Maniscalco, LLP, respectfully submits this objection (the "Objection") to the motion (the "Motion") filed by Avail Holding LLC ("Avail") seeking an order under Bankruptcy Code §362(d)(1) modifying the automatic stay relating to the real property located at 67 Liberty Street – Unit 5, New York, NY 10005 (the "NY Property"), and respectfully represents as follows:

### RELEVANT FACTUAL BACKGROUND

1. On February 3, 2020 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Southern District of New York (the "Court").

2. On December 4, 2020, the Court entered an order converting this case to a case under Chapter 7 case.

3. By Notice of Appointment dated December 4, 2020, Angela G. Tese-Milner, Esq. was appointed as the interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, has duly qualified and is the permanent Trustee of the Debtor's estate.

## THE TRUSTEE'S OPPOSITION

4. The instant Motion seeks relief from the automatic stay regarding the NY Property based upon Bankruptcy Code §362(d)(1). There is substantial equity in the NY Property over and above the present amount due to Avail. Indeed, Avail readily acknowledges that there is substantial equity in the NY Property. As such Avail has not sustained its burden for the relief sought in the Motion. Consequently, the Motion must be denied.

5. The Debtor owns two real properties as listed on the Debtors schedules. The Debtor owns both the NY Property and the real property located at 82 Inlet Road East, Southampton, NY 11968 (the "Southampton Property").

6. The original mortgage on the NY Property was made by Sun Home Loans, a Division of Sun National Bank. The mortgage was later assigned to OceanFirst Bank on December 10, 2019, and then to Avail on February 17, 2021. Pursuant to the Motion, Avail maintains it is presently owed $1,040,361.22. The Trustee's investigation has also revealed a small lien against the NY Property, filed by 67 Liberty Condominium, in the amount of $11,045.28. The Debtor's schedules indicate that the NY Property has a fair market value of approximately $2,000,000.00. Avail does not challenge or contest this valuation. As such the equity cushion in the NY Property is more than $900,000, almost twice Avail's current debt. Avail is certainly adequately protected under Bankruptcy Code §362(d)(1). As such the Motion must be denied.

7. Furthermore, by Order dated February 25, 2021, the Trustee was authorized to retain MYC & Associates, Inc. as her broker to market and sell both the NY Property and the Southampton Property.

8. Although the Trustee intends to seek a sale of the NY Property, the process may take additional time. However, such a sale would provide Avail with payment in full and a substantial distribution to the other creditors. Given the large equity cushion, Avail cannot claim harm by awaiting a sale of the NY Property by the Trustee.

9. If the Court were to grant the Motion it would result in an unnecessary increase in the debt owed to Avail to the detriment of the remaining creditors of this estate. Accordingly, Avail is adequately protected within the meaning of 11 U.S.C. § 362(d)(1). See e.g., In re Tucker, 5 B.R. 180, 182 (S.D.N.Y. 1980). Avail has not sustained its burden for relief from stay pursuant to 11 U.S.C. § 362(d)(1).

10. Thus, Avail's Motion should be denied.

**WHEREFORE**, the Trustee respectfully requests the Court deny the relief requested in the Motion and for such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: May 12, 2021<br>Wantagh, New York | **LAMONICA HERBST & MANISCALCO, LLP**<br>*Counsel to Angela Tese-Milner, solely*<br>*in her capacity as the Chapter 7 Trustee* |
| | By: *s/ Salvatore LaMonica*<br>Salvatore LaMonica, Esq.<br>3305 Jerusalem Avenue<br>Wantagh, New York 11793<br>(516) 826-6500<br>sl@lhmlawfirm.com |