UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                      Chapter 7

KANWALDEEP SINGH KALSI,                                     Case No.: 20-10330 (MG)

        Debtor.
-----------------------------------------------------------x

**STIPULATION AND ORDER BY AND BETWEEN THE CHAPTER 7
TRUSTEE AND NAMRITA PUREWAL PROVIDING THE CHAPTER 7
TRUSTEE AND HER PROFESSIONALS ACCESS TO THE REAL
PROPERTY LOCATED AT 82 INLET ROAD EAST, SOUTHAMPTON,
NY 11968 FOR PURPOSES OF MARKETING FOR SALE**

Angela G. Tese-Milner, solely in her capacity as the chapter 7 trustee (the "Trustee") of the estate of Kanwaldeep Singh Kalsi (the "Debtor") and Namrita Purewal ("Purewal"), by and through their respective counsel (the Trustee and Purewal, the "Parties"), hereby stipulate (this "Stipulation") and agree to terms for providing the Trustee access to the real property known as, and located at, 82 Inlet Road East, Southampton, NY 11968, (the "Real Property"), so that the Trustee and her professionals are able to market the Real Property for sale, as follows:

**WHEREAS**, On February 3, 2020 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Southern District of New York (the "Court"); and

**WHEREAS**, on December 4, 2020, the Court entered an order converting this case to a case under Chapter 7 of the Bankruptcy Code; and

**WHEREAS**, on December 4, 2020, by Notice of Appointment, Angela G. Tese-Milner, Esq. was appointed as the interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, has duly qualified and is the permanent Trustee of the Debtor's estate; and

**WHEREAS**, on the Filing Date, title to the Real Property was solely in the name of the Debtor, and as result, the Real Property is property of the bankruptcy estate; and

**WHEREAS**, on February 25, 2021, an order was entered authorizing the retention of MYC & Associates, Inc. as real estate broker to the Trustee (the "Broker") for purposes of marketing and selling the Real Property; and

**WHEREAS**, on April 23, 2021, the Trustee filed a motion (the "Motion") seeking the entry of an Order pursuant to 11 U.S.C. §§ 105(a), 363, 541, 542 and 704 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 6004-1 and 6005-1 of the Court's Local Rules (the "Local Rules"): (i) directing the turnover of possession of the real property known as, and located at, 82 Inlet Road East, Southampton, NY 11968, Section 177, Block 1, Lot 4.003 (the "Real Property"), to the Trustee; (ii) authorizing the Trustee to market and sell the Real Property, (iii) approving the form and method of sale, pursuant to the Terms of Sale (as defined below); and (iv) granting such other and further relief as this Court deems necessary (See Dkt. No. 91); and

**WHEREAS**, on May 5, 2021, a hearing was held to consider the Motion, the record of which is incorporated herein by reference; and

**WHEREAS,** the Parties agree to the following terms and conditions with respect to providing the Trustee and the Broker access to the Real Property in order to market the Real Property for sale:

**TERMS**

1. The recitals above are incorporated by reference as if set forth at length herein.

2. The Real Property is property of the Debtor's estate, and therefore, the Trustee is authorized to market the Real Property for sale.

3. Purewal shall cooperate with the Trustee and her professionals, LaMonica, Herbst & Maniscalco, LLP and the Broker (the "Professionals"), in all respects with regard to the marketing and

sale of the Real Property, including but not limited to, allowing the Broker and prospective buyers access to the Real Property in order to market it for sale and shall reasonably provide information with respect to the Real Property.

4. Purewal shall not interfere, or cause any other individual to interfere, with the efforts of the Trustee and her Professionals to market the Real Property.

5. Purewal shall provide the Trustee and/or the Broker with the key to the Real Property upon execution of this Stipulation.

6. The Broker will provide Purewal with no less than forty-eight (48) hours advanced notice of when access to the Real Property will be needed, and Purewal shall provide the Trustee and the Professionals with access to the Real Property upon such request. To the extent possible, upon twenty-four (24) hours' notice, Purewal will reasonably accommodate such requests for access. During the period of the Broker's access to the Real Property, Purewal, her family, and/or friends shall make all best efforts to not be present at the Real Property.

7. For purposes of this Stipulation, access includes authorization for the Trustee and the Broker to show the Real Property to prospective purchasers, conduct "Open Houses," and make such improvements to the Real Property for all purposes of marketing and staging the Real Property for sale, including, but not limited to, minor cosmetic repairs, painting, landscaping, and opening and maintaining the in-ground pool.

8. Purewal shall vacate the Real Property and surrender possession within seven (7) calendar days after entry of an order approving the sale of the Real Property by this Court.

9. Purewal may remove any personal belongings or furniture from the Real Property, but must do so within seven (7) calendar days after entry of an order approving the sale of the Real Property.

10. Purewal shall add the Trustee as an "Additional Insured" to the current homeowner's

insurance policy for the Real Property maintained by Berkshire Hathaway Guard Insurance Policy # NAH0168467, and Purewal shall be entitled to reimbursement for the cost of such insurance and other maintenance costs expended on behalf of the bankruptcy estate, subject to review and approval by the Trustee, solely from the proceeds of sale of the Real Property.

11. In the event of a dispute relating to this Stipulation which cannot be resolved between the Parties, upon one (1) calendar day notice, Purewal consents to an immediate telephonic conference before this Court to resolve any such disputes.

12. This Court shall retain exclusive jurisdiction over the subject matter of this Stipulation in order to resolve any dispute in connection with the rights and duties specified hereunder.

13. This Stipulation may be executed in any number of counterparts, any and all of which shall be deemed to be an original. The Parties shall be bound by their signatures transmitted by facsimile or electronic mail (in pdf format) as if such signatures were original "ink" signatures.

14. The Parties jointly request entry of an order approving this Stipulation and its terms.

Dated: May 11, 2021
Wantagh, New York

**LAMONICA HERBST & MANISCALCO, LLP**
*Counsel to Angela G. Tese-Milner, Chapter 7 Trustee*

By: *s/ Salvatore LaMonica*
Salvatore LaMonica, Esq.
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500
sl@lhmlawfirm.com

Dated: May 13, 2021
New York, New York

**NAMRITA PUREWAL**

By: *s/ Namrita Purewal*
Namrita Purewal

| Dated: | May 13, 2021<br>New York, New York | **CARTER, LEDYARD & MILBURN LLP**<br>*Counsel to Namrita Purewal* |
|---|---|---|

By: *s/ Aaron R. Cahn*
Aaron R. Cahn, Esq.
2 Wall Street
New York, New York 10005
(212) 238-8629
bankruptcy@clm.com

**ORDERED**, on the __ day of _____, 2021

_____
Honorable Martin Glenn
United States Bankruptcy Judge